IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID HARPER,**

        **Plaintiff,**

vs.

**J. HENTON, J. OCHS, Lt. MIDDLETON, ELAINE HARDY, NURSE HELEN HAINES, JAMES FENOGLIO, and WEXFORD HEALTH SOURCES, INC.,**

        **Defendants.**

Case No. 11-cv-406-MJR-SCW

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is a Motion to Dismiss (Doc. 75) filed by Defendants James Fenoglio, Elaine Hardy, Helen Haines, and Wexford Health Sources, Inc. Defendants seek a dismissal of Plaintiff's claims against them for a failure to participate in discovery. Specifically, Defendants state that they have served discovery requests upon Plaintiff and he has failed to file any answers or objections to their requests. They then submitted a letter to Plaintiff indicating his failure to respond and attempted to try to resolve the issue by directing Plaintiff that he would have additional time to respond before Defendants sought Court intervention. Plaintiff did not respond. Thus, Defendants have filed the instant motion to dismiss. In Response to the motion, Plaintiff has filed a responsive pleading (Doc. 78) indicating that he has recently been release from IDOC and has not received any letters from Defendants. Plaintiff has also filed a Motion Requesting Leave of Court to Respond to Defendants Interrogatories (Doc. 77), seeking additional time to file responses to Defendants discovery requests.

Defendants seek dismissal of Plaintiff's claims against them pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 37** for failure to participate in discovery. **Rule 37(d)(1)(A)(ii)** provides for sanctions when a party failed to serve answers to another party's interrogatories. Sanctions for such a failure can include a dismissal of the action in whole or in part. *See* **FED.R.CIV.P. 37(d)(3) and (b)(2)(A)(v).** The Court also has inherent authority to sanction a party, including dismissing an action, for discovery violations. *Greviskes v. Universities Research Ass'n, Inc.*, **417 F.3d 752, 758-59 (7th Cir. 2005).** However, such authority should be used sparingly and "only when there is a record of delay, contumacious conduct, or when other, less drastic sanctions prove unavailing." *Dotson v. Bravo*, **321 F.3d 663, 667 (7th Cir. 2003);** *Marrocco v. General Motors Corp.*, **966 F.2d 220, 224 (7th Cir. 1992).**

Here, the Court finds that dismissal for Plaintiff's failure to respond to Defendants' Interrogatories and Requests for Production is not warranted at this time. Plaintiff indicates that he has recently been released from prison and has been trying to get his affairs in order. He also asks for leave to respond to Defendants' discovery requests. Thus, the Court does not find Plaintiff's conduct of the type warranting dismissal for his failure to respond, nor have Defendants previously sought less drastic sanctions from this Court or even an order from the Court compelling Plaintiff to respond to discovery requests, which might warrant dismissal if Plaintiff failed to comply. Normal procedure for dealing with discovery disputes such as this is for the party seeking discovery to contact the Court and set the matter for a discovery dispute conference. Thus, the Court **DENIES** Defendants' motion to dismiss (Doc. 75) as premature. Further, the Court will **GRANT** Plaintiff leave to respond to Defendants' discovery requests (Doc. 77). Plaintiff will have up to and including **April 5, 2013** in which to response to Defendants' discovery requests. If Plaintiff fails to respond to the discovery requests of Defendants, Defendants are instructed to contact the Court in order to set up a discovery

dispute hearing. At that time, Defendants may also then seek sanctions for Plaintiff's failure to comply.

**IT IS SO ORDERED**.

DATED: March 26, 2013.

/s/ Stephen C. Williams
STEPHEN C. WILLIAMS
United States Magistrate Judge